Matter of Brown v Annucci (2018 NY Slip Op 00508)





Matter of Brown v Annucci


2018 NY Slip Op 00508


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

525234

[*1]In the Matter of JAMES BROWN, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ.


James Brown, Comstock, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating a prison disciplinary rule. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge has been refunded to petitioner's inmate account. Additionally, "petitioner is not entitled to be restored to the status he enjoyed prior to the disciplinary determination" (Matter of West v Annucci, 134 AD3d 1379, 1380 [2015]; accord
Matter of Stone v Annucci, 155 AD3d 1214, 1214 [2017]). Accordingly, and inasmuch as petitioner has received all of the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Colon v Venettozzi, 150 AD3d 1498, 1498 [2017]; Matter of Gega v Annucci, 149 AD3d 1439, 1439 [2017]).
McCarthy, J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.